**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LAUREN A. SMITH,**

                **Petitioner,**          9:08-cv-351
                                                               (GLS/ATB)

        **v.**

**ROBERT ERCOLE,** Superintendent,
Green Haven Correctional Facility,

                **Respondent.**
_____

**APPEARANCES:**                 **OF COUNSEL:**

**FOR THE PETITIONER:**

Lauren A. Smith
Pro Se
04-B-1129
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

**FOR THE RESPONDENT:**

HON. ERIC T. SCHNEIDERMAN     THOMAS B. LITSKY, ESQ.
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

On March 27, 2008, petitioner Lauren A. Smith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] challenging his New York State conviction for attempted murder in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and false personation. (*See* Pet., Dkt. No. 1.)  On June 16, 2010, Magistrate Judge Andrew T. Baxter issued a Report-Recommendation (R&R) recommending that Smith's petition be dismissed and that a certificate of appealability be denied.[2]  (Dkt. No. 33.)  Pending are Smith's timely objections to the R&R. (Dkt. No. 36.)  For the reasons that follow, the R&R is adopted in its entirety.

### **II. Background**

The events leading to Smith's conviction were summarized in the

---

[1] Though initially improperly filed under 28 U.S.C. § 2241, Smith's action was subsequently converted to a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (*See* Dkt. No. 6.)

[2] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

R&R as follows:[3]

> On July 22, 2003, Utica Police Officer Charles Kelly initiated a traffic stop of a car being driven by petitioner Lauren Smith. Petitioner was unable to produce a license and provided a false name. After Officer Kelly directed petitioner to get out of the car, Smith started to flee. When the officer physically restrained Smith, [Smith] pulled a .45 caliber semi-automatic pistol. A struggle ensued during which the gun was, at various times, pointed at Officer Kelly's stomach, chest, and head. At one point, petitioner tugged at Kelly's holstered service gun, but was unable to draw it due to the holster's safety features. Petitioner and Kelly wrestled until other officers arrived and placed petitioner in handcuffs.

(*Id.* at 4-5.)  Following his conviction in Oneida County Court, Smith appealed to the Appellate Division, Fourth Department, arguing that: (1) his conviction for attempted murder was not supported by sufficient evidence; (2) the trial court erred in its charge to the jury; and (3) his indeterminate sentence of twenty-three years to life was unduly harsh.  *See People v. Smith*, 32 A.D.3d 1318 (4th Dep't 2006).  The Appellate Division unanimously affirmed Smith's conviction and sentence, rejecting on the merits Smith's contention that the evidence was legally insufficient to support his attempted murder conviction.  *Id.* at 1319.  The court further found that Smith failed to preserve for appellate review his remaining

---

[3]For a full recitation of the facts, the parties are referred to the R&R. (*See* R&R at 5-10, Dkt. No. 33.)

3

contentions, and that they were "without merit" in any event. *Id.* at 1319-20.

After being denied leave to appeal to the New York Court of Appeals, *see People v. Smith*, 7 N.Y.3d 929 (N.Y. 2006), Smith filed with the Oneida County Court a pro se motion to vacate his conviction pursuant to N.Y. CRIM. PROC. LAW § 440.10. (*See* R&R at 12, Dkt. No. 33.) In support of his motion, Smith argued that his trial counsel was ineffective and that the evidence was insufficient to support a conviction for attempted murder. (*See id.* at 12-13.) In denying the motion, the court rejected Smith's ineffective assistance claims on the merits, and found that review of his remaining contention was foreclosed by his prior appeal to the Appellate Division. (*See id.* at 13; *see also* N.Y. CRIM. PROC. LAW § 440.10(2)(a) ("[T]he court must deny a motion to vacate a judgment when ... [t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment ....").) Smith sought leave to appeal the denial of his § 440.10 motion to the Appellate Division, Fourth Department, but was denied on December 18, 2008. (*See* R&R at 13, Dkt. No. 33.)

Soon thereafter, on March 27, 2008, Smith filed a petition for a writ of

4

habeas corpus with this court, contending that: (1) his conviction for attempted murder was not supported by sufficient evidence; (2) the trial court erred in its charge to the jury; (3) his conviction for third-degree criminal possession of a weapon was not supported by sufficient evidence; and (4) his indeterminate sentence of twenty-three years to life was unduly harsh. (*See* Pet., Dkt. No. 1.)

Smith now objects to Judge Baxter's June 16, 2010 R&R, which recommends the dismissal of his habeas petition.

### III. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

### IV. Discussion

## A.    <u>AEDPA Standard</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), where a state court has adjudicated the merits of a petitioner's claim, a federal court may grant an application for a writ of habeas corpus only if the state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under § 2254(d)(1), a state-court decision is contrary to clearly established Supreme Court precedent if its "conclusion on a question of law is 'opposite' to that of the Supreme Court or if the state court decides a case differently than the Supreme Court 'on a set of materially indistinguishably facts.'" *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000).) A state-court decision involves an unreasonable application of clearly established Supreme Court precedent if "it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the [particular] case." *Williams*, 529 U.S. at 413.

6

Under the AEDPA, a state court's factual findings are presumed correct, unless that presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). If the state court failed to decide a claim "on the merits," the pre-AEDPA standard of review applies, and both questions of law and mixed questions of law and fact are reviewed de novo. *See Washington v. Schriver*, 255 F.3d 45, 55 (2d Cir. 2001).

## B.  Objections

Smith contends that Judge Baxter erred in concluding that sufficient evidence supported his conviction for attempted murder in the first degree. The court disagrees.

Where, as here, "a state court has adjudicated a claim of legal insufficiency on the merits, the sole inquiry on federal habeas review is whether the state court unreasonably applied the governing standard for legal insufficiency claims set forth in *Jackson v. Virginia*, 443 U.S. 307 324 (1979)." *Ortiz v. Heath*, 10-CV-1492, 2011 WL 1331509, at *17 (E.D.N.Y. Apr. 6, 2011) (citing *Policano v. Herbert*, 507 F.3d 111, 115-16 (2d Cir. 2007). Under that standard, a state prisoner's conviction must be upheld if, based on the trial evidence as viewed most favorably to the prosecution, "*any* rational trier of fact could have found the essential elements of the

7

crime beyond a reasonable doubt." *Jackson*, 443 at 319 (citation omitted). And in evaluating sufficiency, a habeas court must "defer to the jury's assessments of ... the weight of the evidence [and] the credibility of witnesses," *Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996) (citations omitted), and be mindful that guilt beyond a reasonable doubt may be established entirely by circumstantial evidence, *see United States v. Khan*, 53 F.3d 507, 513 (2d Cir. 1995).  Thus, a "[p]etitioner bears a 'very heavy burden' in convincing a federal habeas court to grant a petition on the grounds of insufficient evidence." *Ponnapula v. Spitzer*, 297 F.3d 172,179 (2d Cir. 2002) (citation omitted).

In considering the sufficiency of evidence for a state conviction, "[a] federal court must look to state law to determine the elements of the crime." *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999) (citation omitted).  Under New York law, a person commits attempted murder in the first degree when, with the intent to cause the death of a police officer, he "engages in conduct which tends to effect the commission of [that] crime." *See* N.Y. PENAL. LAW §§ 110, 125.27(1)(a)(i) & (b).  As to the required conduct, it "need not be the final [act] towards the completion of the offense, but it must carry the project forward with dangerous proximity to

the criminal end to be attained." *People v. Bracey*, 41 N.Y.2d 296, 300 (N.Y. 1977) (internal citations and quotation marks omitted).

As Judge Baxter correctly observed, "[t]he primary issue with respect to this charge at the trial of [Smith] was whether he acted with the necessary intent to cause the death of Officer Kelly, or whether he was only trying to flee." (R&R at 21, Dkt. No. 33.) In assessing that issue on appeal, the Appellate Division found that the prosecution presented sufficient evidence to establish that Smith "had the specific intent to commit murder and engaged in conduct to carry out that intent." *Smith*, 32 A.D.3d at 1319. Specifically, as recounted in the R&R:

> [T]he prosecution presented evidence that the petitioner pointed a loaded handgun at close range at the chest, stomach, and head of a uniformed police officer, and resisted Officer Kelly's desperate efforts to push the gun away. The evidence supported the prosecution theory that the gun failed to fire only because Officer Kelly pushed back on the slide, thereby disabling the weapon. Inspection and testing of the gun after the incident revealed that it was operable and fully loaded, including a bullet in the chamber, and that the safety was in the "ready fire" position. When the petitioner was not able to get full control of his gun from Officer Kelly, he then tried to remove the officer's service weapons from his holster. The testimony of Officer Kelly about his encounter with the petitioner was largely corroborated by the testimony of three civilian eyewitnesses—Joseph Yaletchko, Ellen Pugh, and April Davis.

(R&R at 21-22, Dkt. No. 33 (internal citations omitted).) Based on this

9

evidence, a rational juror could have found Smith guilty of Attempted Murder in the First Degree. *See, e.g.*, *People v. Chen*, 217 A.D.2d 637 (2d Dep't 1995) (finding elements of attempted first degree murder established based on evidence that defendant in police custody suddenly pulled a loaded weapon from his waistband, placed his finger on the trigger, and pointed it at arresting officers' mid-sections). Thus, the court concurs with Judge Baxter's conclusion that the Appellate Division's decision was neither contrary to, nor an unreasonable application of, the *Jackson* standard. Accordingly, the court adopts Judge Baxter's recommendation that Smith's habeas petition be dismissed with respect to his insufficiency claim.

## V. Conclusion

Having addressed Smith's specific objections de novo, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Baxter's R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Baxter's June 16, 2010 Report-Recommendation (Dkt. No. 33) is **ADOPTED** in all respects; and it is further

**ORDERED** that Smith's petition for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability is **DENIED**; and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED**.

May 6, 2011
Albany, New York

*Gary L. Sharpe*
U.S. District Judge